PEOPLE v GAMBRELL

Docket No. 87893. Submitted November 7, 1986, at Detroit. Decided
January 20, 1987.

Benny Gambrell, a prison inmate in a halfway house, was
charged with manslaughter on June 29, 1981. On May 25, 1982,
the Detroit Recorder's Court, Henry L. Heading, J., dismissed
the case for violation of the 180-day rule. The people appealed
and the Court of Appeals reversed the trial court's decision. 131
Mich App 167 (1983). The manslaughter charge was officially
reinstated and a capias was issued on January 20, 1984. On
February 28, 1984, the Department of Corrections issued a
warrant for Gambrell as an absconder from parole status. In
March, 1984, the Parole Department learned that Gambrell
was in the Macomb County Jail after having pled guilty to
1983 charges of fleeing and eluding a police officer and at-
tempted larceny. He was sentenced to one year in jail on those
charges. When Gambrell was released from jail, the Depart-
ment of Corrections reinstated Gambrell's parole status in the
community. No detainer was ever placed on him for the man-
slaughter charge because he was on parole status. On Decem-
ber 31, 1984, Gambrell was arrested in Macomb County for
carrying a concealed weapon. He pled guilty to attempted
carrying a concealed weapon and was sentenced on May 22,
1985, to a twenty- to thirty-month prison term. On May 9,
1985, Gambrell was arraigned in Detroit Recorder's Court on
the reinstated manslaughter charge. On June 26, 1985, Gamb-
rell moved to dismiss the manslaughter charge for violation of
the 180-day rule and because his rights to a speedy trial and
due process had been violated because of prosecutorial delays.
The court, Henry L. Heading, J., held that the 180-day rule was
applicable and that it had been violated. The charge was
dismissed. The people appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Criminal Law §§ 223 *et seq.;* 652 *et seq.;* 849 *et seq.;*
872, 873.

Accused's right to speedy trial under Federal Constitution—Su-
preme Court Cases. 71 L Ed 2d 983.

Excludable periods of delay under Speedy Trial Act (18 USCS
§§ 3161-3174). 46 ALR Fed 358.

1. The trial court erred in dismissing the manslaughter charge based on the 180-day rule. The 180-day rule is not applicable where the defendant is not an inmate of a penal institution during the period in question. Defendant was not a prison inmate for most of the time that the manslaughter charge has been pending against him.

2. Defendant's argument that he was denied his right to a speedy trial may be meritorious. The trial court, however, did not expressly consider the speedy trial question. Therefore, it is necessary to remand to the trial court for an evidentiary hearing and factual findings on this question. Furthermore, because the delay in bringing defendant to trial exceeded eighteen months, the prosecution shall have the burden of establishing that defendant was not prejudiced by the delay.

Reversed and remanded.

1. CRIMINAL LAW — 180-DAY RULE.

The 180-day rule is not applicable where the defendant is not an inmate of a penal institution during the period in question (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — PAROLED PRISONERS — 180-DAY RULE.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants does not begin to run against a paroled prisoner who is being detained locally and against whom a parole hold has been filed until revocation of parole (MCL 780.131; MSA 28.969[1]).

3. CRIMINAL LAW — 180-DAY RULE — PAROLED PRISONERS.

The 180-day rule applies in a parole context only where a person is assigned to a state correctional facility on preparole status.

4. CRIMINAL LAW — SPEEDY TRIAL.

Four factors must be examined and balanced in order to determine whether a defendant was denied a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant.

5. CRIMINAL LAW — SPEEDY TRIAL — PREJUDICE — PRESUMPTION.

Prejudice will be assumed after an eighteen-month delay in bringing a defendant to trial; prior to that time the burden is on the accused to show that he was actually harmed; after eighteen months, the burden shifts to the prosecution to show there was no injury.

*Frank J. Kelley*, Attorney General, *Louis J.*

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*David J. Esper,* for defendant on appeal.

Before: Hood, P.J., and T. M. Burns and J. X. Theiler,* JJ.

Per Curiam. The Wayne County Prosecutor appeals as of right from the lower court's dismissal of manslaughter charges against defendant for violation of the 180-day rule, MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.* Defendant was originally charged with the offense in 1981, but, in May, 1982, the lower court judge dismissed the case for violation of the 180-day rule. The prosecution appealed, and this Court, in three separate concurring opinions, reversed the trial court's dismissal. *People v Gambrell,* 131 Mich App 167; 345 NW2d 666 (1983), lv den 419 Mich 856 (1984).

After this Court reversed the lower court's original dismissal, the manslaughter charge was officially reinstated and a capias was issued on January 20, 1984. According to testimony of Mark Goricki, a parole officer from the Mount Clemens office, defendant was arrested on December 12, 1983, in Macomb County for possessing stolen hubcaps, for fleeing and eluding a police officer, and for attempted larceny. Although a parole detainer was prepared on him at that time, defendant was taken to a hospital for conditions brought on by drug usage, and the detainer was never placed against him because he checked out of the hospital and disappeared.

* Circuit judge, sitting on the Court of Appeals by assignment.

On February 28, 1984, the Michigan Department of Corrections issued a warrant for defendant as an absconder from parole status. In March, 1984, the Mount Clemens office of the Parole Department learned that defendant was in the Macomb County Jail. Apparently, defendant pled guilty to the December 12, 1983, charges of fleeing and eluding a police officer and attempted larceny and on April 18, 1984, was sentenced to a one-year jail term with ninety-three days credit. According to Goricki, the recommendation of defendant's parole officer in Detroit was to await the outcome of his jail stay in Macomb County before placing the parole detainer. When the Department of Corrections parole reinstatement papers were received on November 6, 1984, and defendant was released from jail, he was reinstated on parole status and no detainer was ever placed on him because he was returned to parole status in the community.

On December 31, 1984, defendant was again arrested in Macomb County for carrying a concealed weapon. Goricki testified that a detainer for the concealed weapon charge was filed on January 2, 1985, but was erroneously dated January 2, 1984. Macomb County Sheriff Department identification officer Robert Ehresman testified that the only detainer he had for defendant was dated January 2, 1984, for carrying a concealed weapon and receiving stolen property. Defendant subsequently pled guilty to attempted carrying a concealed weapon and, on May 22, 1985, was sentenced to a twenty- to thirty- month prison term.

On May 9, 1985, defendant was arraigned on the reinstated manslaughter charge. On June 26, 1985, he moved to dismiss for violation of the 180-day rule. The lower court heard the motion on August 2, 1985. At that hearing, in addition to arguing that the prosecution violated the 180-day rule

pertaining to a penal institution, defendant also contended that regardless of whether or not he was an inmate, he was denied his right to speedy trial or denied his fundamental right to due process as a result of prosecutorial delays. As to the latter issue, defendant asserted that, even if the 180-day rule did not apply to him, the inordinate delay attributable to the prosecution deprived him of a speedy trial.

The court adjourned the matter until August 9, 1984, to give the prosecution time to procure Macomb County records. On that date, the judge held that the 180-day rule was applicable to defendant and that it had been violated. Based on this finding, the judge dismissed the charge. At a subsequent hearing on the prosecutor's motion for reconsideration, the judge let his previous dismissal stand.

For the reasons that follow, we find that the lower court erred in dismissing the manslaughter charge based on the 180-day rule. However, because the lower court did not specifically consider defendant's deprivation of speedy trial argument, we find it necessary to remand the case to the lower court for an evidentiary hearing and a ruling on that question.

The prosecution argues quite correctly that the 180-day rule is not applicable where the defendant is not an inmate of a penal institution during the period in question. Beginning with *People v Wright,* 128 Mich App 374; 340 NW2d 93 (1983), this Court has consistently held that, until revocation of parole, a paroled prisoner who is being detained locally, and against whom a parole hold has been filed, is not, because of the hold, awaiting incarceration in a state prison nor an inmate of a penal institution to whom the 180-day rule applies. In *Wright,* the Court pointed out that only if a

violation of parole is established by a preponderance of the evidence can parole be revoked, and even if a violation is established, the parole board may by law decline to revoke parole. *Id.,* p 379. Hence, until revocation of parole, the accused is not being detained in a local facility to await incarceration in a state prison.

In *People v Sanders,* 130 Mich App 246; 343 NW2d 513 (1983), this Court rejected the notion that a parolee is an inmate of a state penal institution or incarcerated in a state prison for purposes of the 180-day rule. Rather, "[a]lthough every parolee remains in the legal custody and under the jurisdiction of the Department of Corrections, that parolee is free from the enclosures of a prison facility." 130 Mich App 251. Further, as stated in *People v Woodruff,* 414 Mich 130; 323 NW2d 923 (1982), the object of the statute is to dispose of untried charges against *prison inmates.* In *People v Walker,* 111 Mich App 641; 314 NW2d 721 (1981), this Court opined that the purpose of the statute is to guarantee *inmates* their constitutional right to speedy trial.

Thus, we decline to hold, as defendant would have us do, that by aggregating together the total time that defendant was actually an inmate of a penal institution between the 1981 homicide and the 1985 dismissal, the 180-day rule was violated. In the case at bar, the fact is that defendant was not a prison inmate for most of the time that the manslaughter charge has been pending against him. Rather, he has been on the streets at least long enough to have committed and be convicted of two additional felonies. Accordingly, we see no reason in fact, logic or law for him to be made beneficiary of a statute that was enacted to protect the interests of prison inmates.

However, defendant also argues that the prose-

cution has utterly failed to act in good faith to ready the cause for trial. He asserts instead that the prosecution's action in this case is characterized by inexcusable delay. Defendant traces the history of the case and alleges that, dating to the time of extradition, the prosecution abandoned its efforts to extradite and abdicated its responsibility to the Department of Corrections. Then, following this Court's original decision, the prosecution ignored its responsibility to find defendant and prosecute him. Defendant contends that from the most recent proceedings it is clear that the prosecution failed to place the warrant in the Law Enforcement Information Network (LEIN) system.

The crux of this argument. is that the overall result of the prosecution's inaction amounted to an inexcusable delay which justified the lower court's dismissal. The prosecutor's appellate brief does not address this issue. We consider this argument in the context of defendant's federal and state constitutional rights to a speedy trial. US Const, Am VI; Const 1963, art 1, § 20. Viewed as a speedy trial issue, the defendant's argument may prove to be meritorious.

To determine whether a defendant was denied a speedy trial, we look to and balance the following factors: (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. *People v Collins,* 388 Mich 680, 687-695; 202 NW2d 769 (1972), adopting the test of *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972). However, since the trial court did not expressly consider the speedy trial question, we are unable to apply this balancing test on the record presented. We therefore find it necessary to remand to the trial court for an evidentiary hearing and factual findings on this question.

At this hearing the lower court should fully consider the alleged instances of delay pointed to by defendant, as well as the testimony that, when defendant was serving his sentence in the Macomb County Jail in 1984, his Detroit parole officer declined to place a parole detainer on him and the Wayne County prosecutor apparently made no effort to bring him to trial. The prosecutor admitted in the proceedings below that there was a delay in getting the information into the LEIN system because defendant's file, including photographs of the crime scene, had been lost. Because the delay in bringing defendant to trial exceeded eighteen months, the prosecution shall have the burden of establishing that defendant was not prejudiced by the delay. *People v Collins, supra,* p 695; *People v Bennett,* 84 Mich App 408, 411; 269 NW2d 618 (1978); *People v Davis,* 123 Mich App 553, 561; 332 NW2d 606 (1983).

To summarize, the decision of the trial court dismissing the manslaughter charge against the defendant for violation of the 180-day rule is reversed. The case is remanded so that the lower court may conduct an evidentiary hearing to determine whether defendant's constitutional right to a speedy trial has been violated. We retain jurisdiction.

Reversed and remanded.