WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

Docket No. 88363. Submitted October 15, 1987, at Detroit. Decided December 8, 1987.

Dana Jenkins and Orrin Cuthbertson, codefendants, pled guilty in Detroit Recorder's Court to charges of armed robbery and possession of a firearm during the commission of a felony. At a joint hearing, Jenkins was sentenced to four and one-half to fifteen years for his armed robbery conviction and Cuthbertson was sentenced to two to ten years for his armed robbery conviction, Dalton A. Roberson, J. Each defendant was also sentenced to a consecutive two-year term for the felony-firearm convictions. Jenkins filed a motion for resentencing on the ground that he had received a greater sentence than Cuthbertson. The motion was granted because Judge Roberson could not explain the differences between the sentences imposed on the two men, even after reviewing the presentence reports. Although both Jenkins' and Cuthbertson's sentences were within the sentencing guidelines, Judge Roberson resentenced Jenkins to a term of two to ten years on his armed robbery conviction. The Wayne County Prosecutor filed a complaint for superintending control against Judge Roberson in the Court of Appeals contending that Judge Roberson erred in vacating a lawfully imposed sentence and that he was without authority to resentence Jenkins.

The Court of Appeals *held:*

1. Judge Roberson lacked authority to resentence Jenkins. Jenkins was sentenced within the recommendation of the sentencing guidelines and Judge Roberson sufficiently articulated the reasons for the sentence by reference to the guidelines. Moreover, any error in the scoring of the sentencing information report was waived by Jenkins by his failure to timely raise

REFERENCES

Am Jur 2d, Criminal Law § 580.

Am Jur 2d, Appeal and Error § 938.

Power of state court, during same term, to increase severity of lawful sentence—modern cases. 26 ALR4th 905.

See also the annotations in the Index to Annotations under Sentence and Punishment.

that issue. The sentence imposed was valid, therefore there was no basis for granting Jenkins' motion for resentencing.

2. An order of superintending control shall issue. The order granting resentencing and the new judgment of sentence shall be vacated and the original sentence imposed upon Jenkins shall be reinstated. Judge Roberson is directed to enter the appropriate orders.

Superintending control granted.

1. CRIMINAL LAW — SENTENCING — RESENTENCING.

A trial court is without authority to resentence a defendant where the sentence originally imposed is valid.

2. CRIMINAL LAW — SENTENCING — CODEFENDANTS — DISPARATE SENTENCES.

Mere disparity in the sentences imposed on two codefendants does not invalidate either sentence per se.

3. CRIMINAL LAW — SENTENCING — APPEAL.

An appellate court, where a trial court fails to articulate its reasons for the imposition of a sentence, must remand the matter to the trial court for such an articulation before the appellate court can review the sentence.

4. CRIMINAL LAW — SENTENCING GUIDELINES.

A trial court's reference to the sentencing guidelines as the only reason for imposing a sentence within the range recommended by the guidelines satisfies the requirement that a trial court, at the time of sentencing, articulate on the record its reasons for imposing sentence.

5. CRIMINAL LAW — SENTENCING GUIDELINES — APPEAL.

A defendant who wishes to preserve for appeal a challenge to the scoring of a sentencing information report under the sentencing guidelines must bring the issue to the attention of the trial court at sentencing by a properly filed motion within the time period for filing a motion for a new trial or by a timely filed motion for remand in the Court of Appeals.

*John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for plaintiff.

*Angela R. Sims,* for Dana Jenkins.

Before: WAHLS, P.J., and SAWYER and C. W. SIMON,* JJ.

SAWYER, J. On March 12, 1985, Dana Jenkins and his codefendant, Orrin Cuthbertson, pled guilty to armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Jenkins and Cuthbertson were sentenced in a joint hearing in Detroit Recorder's Court, Dalton A. Roberson, J., on April 4, 1985. Jenkins was sentenced to a term of four and one-half to fifteen years for the armed robbery and a consecutive two-year term for felony firearm. Cuthbertson was sentenced to a term of two to ten years for the armed robbery and, naturally, to the consecutive two-year term for felony firearm.

On July 12, 1985, Jenkins filed a motion for resentencing on the ground that he had received a greater sentence than his codefendant. On September 20, 1985, Judge Roberson granted Jenkins' motion on the basis that the judge could not explain the differences between the sentences imposed on the two men, even after reviewing the presentence reports at the motion hearing. Both sentences had been within the sentencing guidelines, with Jenkins receiving a higher scoring on Offense Variable 7 (taking advantage of a disparity between offender and the victim). Judge Roberson then proceeded to resentence Jenkins to a term of two to ten years on the armed robbery conviction. The felony firearm sentence was unchanged.

Thereafter, the prosecutor filed a complaint for superintending control in this Court on the basis that Judge Roberson erred in vacating a lawfully imposed sentence and that he was without author-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ity to resentence Jenkins. In an unpublished order, we directed the parties to proceed to a full hearing on the merits.

Judge Roberson granted Jenkins' motion for resentencing because he could not explain why he sentenced Jenkins to a harsher term than that to which he had sentenced Cuthbertson. In the instant action, it is argued that the reason Judge Roberson resentenced Jenkins was because he believed he had failed to meet the articulation requirements imposed by *People v Coles*, 417 Mich 523; 339 NW2d 440 (1983), at the original sentencing. Regardless of the reasoning applied by Judge Roberson, we agree with plaintiff that the trial court was without authority to resentence Jenkins.

A trial court is without authority to resentence a defendant where the sentence originally imposed is valid. To do so would infringe upon the commutation powers vested in the Governor. *People v Whalen*, 412 Mich 166, 169; 312 NW2d 638 (1981). Looking to Judge Roberson's explanation of why he granted the motion for resentencing, we see that he granted the motion based upon his inability to explain the disparity in the sentences given to the two codefendants. However, mere disparity in the sentences imposed on two codefendants does not per se invalidate either sentence. *People v Bisogni*, 132 Mich App 244; 347 NW2d 739 (1984). See also *People v Foreman*, 161 Mich App 14, 27; 410 NW2d 289 (1987) (imposition of the *same* sentence on two codefendants is not an abuse of discretion). Thus, the fact that Jenkins received a lengthier sentence than Cuthbertson does not render Jenkins' sentence invalid and, therefore, does not provide a basis for resentencing.

We also reject the contention that resentencing was required under the articulation requirements

of *Coles, supra*.[1] First, we are not convinced that
the appropriate remedy for a failure to articulate
under *Coles* is resentencing. Rather, the usual
remedy for a failure to articulate is a remand to
the trial court for an articulation of the reasons
for imposing the sentence. See, e.g., *People v Bro-
den*, 428 Mich 343; 408 NW2d 789 (1987). This is
consistent with the ruling in *Coles*, which provides
for resentencing when the trial court abuses its
discretion by imposing a sentence which shocks
the conscience of the appellate court, but which
imposed no such remedy for the failure to articu-
late. Indeed, the reason for the articulation re-
quirement is to aid the appellate court in review-
ing the sentence to determine whether the sen-
tence imposed constitutes an abuse of the trial
court's discretion. *Coles, supra* at 549. Thus, where
a trial court fails to articulate the reasons for the
sentence, it is necessary to remand the matter to
the trial court for such an articulation before the
appellate court can review the sentence under
*Coles*. There is no need to order an immediate
resentencing for the mere failure to articulate.

The instant case does present an interesting
question as to what path an appellate court should
take where the trial court failed to articulate the
reasons for the sentence at sentencing and, there-
after, is unable to articulate the reason due to a
failure of memory. For reasons to be discussed
below, we do not believe it necessary to resolve
that question in the instant case. However, we
would comment that, even under such a scenario,
resentencing would not necessarily be required.

---

[1] We are not certain that Judge Roberson based his ruling at the
resentencing hearing on the basis of a failure to comply with the
articulation requirement. However, on appeal it is urged that that
was part of the "failure to remember the rationale for the sentence"
reasoning in the bench opinion. In any event, we will analyze the
issue.

Rather, the appellate court would have to proceed to review the sentence without an articulation as to the reasons for the sentence and, therefore, the appellate court would presumably be more likely to find that a particularly harsh sentence shocked its conscience since the trial court had failed to provide a reason for that harsh sentence.[2]

However, it is presumptuous for a trial court to decide that the Court of Appeals or the Supreme Court would require it to resentence a defendant because the sentence constitutes an abuse of discretion merely because the trial court is no longer able to recall the reasons for the sentence imposed. The determination of whether a sentence constitutes an abuse of discretion was vested by the Supreme Court in the appellate courts. *Coles, supra* at 550. There is nothing in *Coles* which suggests that the trial courts of this state have any authority to review their sentences absent a direction to do so by this Court or the Supreme Court in a particular case. While there are certain errors in the sentencing procedure which may, and in many cases must, be raised in the trial court, we do not believe that a *Coles* review should begin in the trial court. To do so would be to ignore the Supreme Court's ruling in *Whalen, supra*.

In any event, we also believe that the argument that Judge Roberson failed to properly articulate the reasons at the original sentencing hearing for the original sentence imposed as required by *Coles, supra,* is incorrect. At the original sentencing proceeding, Judge Roberson did sentence both Jen-

---

[2] Indeed, where the sentence is rather harsh, which we would define as a sentence which significantly departs from the sentencing guidelines, the sentencing judge's inability to recall the reasons for imposing such a harsh sentence would lead one to believe that the sentence was an abuse of discretion. That is, if the nature of the offense and the circumstances of the offender are so insignificant that they do not stand out later in the sentencing judge's mind, it would seem difficult to rationalize why such a sentence was imposed.

kins and Cuthbertson without much comment.
However, when defense counsel inquired into the
reasons why Jenkins received a lengthier sentence
than Cuthbertson, Judge Roberson noted that he
was sentencing in accordance with the sentencing
guidelines which had recommended a higher mini-
mum sentence for Jenkins than for Cuthbertson.
In fact, both Jenkins and Cuthbertson received
sentences within the limits set forth in the guide-
lines. The Supreme Court has recently ruled that
the statement by a sentencing judge that he is
imposing a sentence in accordance with the guide-
lines sufficiently satisfies the *Coles* articulation-of-
reasons requirement. *Broden, supra* at 354. Ac-
cordingly, Judge Roberson's statement at the origi-
nal sentencing proceeding that he was sentencing
both Jenkins and Cuthbertson in accordance with
the guidelines and that that explained the reasons
for the different sentences sufficiently satisfied the
articulation requirement of *Coles.* Therefore, even
if resentencing were an appropriate remedy for a
failure to articulate, no such remedy is necessary
here since the articulation requirement was satis-
fied.

Finally, there remains the argument on appeal
that resentencing was required because Judge Ro-
berson relied upon a misscored sentencing infor-
mation report at the time of the original sentenc-
ing of Jenkins. First, we note that, while the issue
of the misscoring of the SIR was apparently raised
during the motion for resentencing, it is not en-
tirely clear to us that that was the basis for Judge
Roberson's granting of the motion for resentenc-
ing. However, even assuming that we can accept
the proposition that Judge Roberson was granting
the motion for resentencing because he could not
recall the rationale for imposing different sen-
tences and could not recall the reason for scoring

Jenkins' SIR higher than Cuthbertson's SIR, we do not believe that it was appropriate for Judge Roberson to reconsider the scoring of the SIR.

In the recent decision of *People v Walker,* 428 Mich 261; 407 NW2d 367 (1987), the Supreme Court established the requirements for preserving the issue of a misscoring of a sentencing information report. Specifically, the Supreme Court ruled that it is necessary for the defendant to bring the misscoring to the attention of the trial court at sentencing, by properly filing a motion within the time period for a motion for a new trial or by a timely filed motion for remand in this Court. *Id.* at 262. In the case at bar, Jenkins was originally sentenced on April 14, 1985, and first raised the issue of the scoring of the SIR in his July 12, 1985, motion for resentencing. Thus, the sentencing guidelines issue was first raised ninety-eight days after sentence was imposed. A motion for new trial must be made within twenty-one days after the entry of judgment. MCR 2.611(B). Therefore, Jenkins did not timely raise the issue of the scoring of the SIR.[3] Accordingly, the issue of the proper scoring of the SIR was not properly before the trial court for consideration at the motion for resentencing.

For the above-stated reasons, we conclude that Judge Roberson lacked any authority to resentence Jenkins. Jenkins was sentenced within the recommendation of the sentencing guidelines and Judge Roberson sufficiently articulated the reasons for the sentence by reference to the guidelines. Moreover, any error in the scoring of the SIR was

---

[3] Jenkins does, of course, have the remaining avenue of filing a timely motion for remand in this Court. However, such a motion would have to be made in Jenkins' own appeal, not in this action for superintending control. In any event, such an action does not grant authority to the trial court to reexamine its sentence until and unless the trial court is directed to do so in such a remand from this Court.

waived by Jenkins by his failure to timely raise that issue. Since the sentence imposed was not invalid, there was no basis for the granting of the motion for resentencing.

Since there was no basis for granting the motion for resentencing, Judge Roberson exceeded his authority in doing so. Accordingly, an order of superintending control shall issue. The order granting resentencing and the new judgment of sentence shall be vacated and the original sentence imposed upon Jenkins shall be reinstated. Judge Roberson is directed to enter the appropriate orders. No costs, a public question being involved.

M. H. WAHLS, P.J., concurs in the result only.