PEOPLE v GRAVEDONI

Docket No. 100683. Submitted May 3, 1988, at Marquette. Decided
August 22, 1988.

Daniel Gravedoni was convicted of the felony of fraudulent use of
electric service following a jury trial in Marquette Circuit
Court, Edward A. Quinnell, J. Defendant appealed.

The Court of Appeals *held:*

1. Because the circumstantial evidence against defendant was
not weak, it was not error for the trial judge to refuse to give
the cautionary instruction regarding the prosecutor's burden of
disproving all reasonable theories of innocence, since that
instruction need only be given where the circumstantial evidence is weak.

2. Since defendant was charged prior to the April, 1984,
amendment of the statute and since the Legislature in amending the statute did not void the prior statute, prosecution was
properly continued under the provisions of the statute prior to
amendment.

3. In view of the facts that a portion of the delay in bringing
defendant to trial was attributable to defendant, that defendant
did not assert his right to a speedy trial until just prior to trial,
and that defendant was not prejudiced by the delay, the trial
court properly denied defendant's motion to quash which had
been based on the failure to bring him to trial in a timely
fashion.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — CIRCUMSTANTIAL EVI-
DENCE.

A cautionary jury instruction concerning the prosecution's bur-
den of disproving all reasonable theories of innocence when the
prosecution's case depends entirely upon circumstantial evi-
dence is necessary only when the circumstantial evidence
against the defendant is weak (CJI 4:2:02[6], [7]).

REFERENCES

Am Jur 2d, Criminal Law §§ 10 *et seq.,* 849 *et seq.*

Am Jur 2d, Trial §§ 843 *et seq.*

Modern status of rule regarding necessity of instruction on circum-
stantial evidence in criminal trial—state cases. 36 ALR4th 1046.

2. Criminal Law — Statutes — Fraudulent use of Electric
   Service — Amendment of Statutes.

   A criminal prosecution commenced prior to the amendment of a
   statute which defines a crime may continue to be prosecuted
   under the preamendment provisions unless there is a specific
   provision in the new law voiding the former law; accordingly,
   since the Legislature in its 1984 amendment of the fraudulent
   use of electric service statute did not void prosecutions under
   the preamendment provisions, a prosecution commenced prior
   to the effective date of the amendment is properly tried under
   the provisions of the statute prior to its amendment (MCL 8.4a;
   MSA 2.214; MCL 750;282; MSA 28.493).

3. Criminal Law — Speedy Trial.

   Four factors must be examined and balanced in order to deter-
   mine whether a defendant was denied a speedy trial: (1) the
   length of the delay; (2) the reason for the delay; (3) the defen-
   dant's assertion of his rights; and (4) prejudice to the defendant.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Gary L. Walker,* Prose-
cuting Attorney, and *Scott K. Hanson,* Assistant
Prosecuting Attorney, for the people.

*Mark Peter Stevens,* for defendant.

Before: Beasley, P.J., and Sawyer and Weaver,
JJ.

Per Curiam. Defendant was convicted by a jury
of one count of fraudulent use of electric service,
MCL 750.282; MSA 28.493. He was sentenced to
three years probation, six months to be served in
the county jail (thirty days to be served immedi-
ately, the remaining time to be served following
probation subject to review by the trial court).
This Court granted defendant's motion to file a
delayed appeal. We affirm.

I

We reject defendant's argument that the trial

court committed error mandating reversal by refusing to read the cautionary instructions regarding the prosecutor's burden of disproving all reasonable theories of innocence when the prosecutor's case depends entirely on circumstantial evidence. CJI 4:2:02(6), (7).

A prosecutor need not specifically disprove all theories of a defendant's innocence. *People v Doss,* 122 Mich App 571, 574-575; 332 NW2d 541 (1983), lv den 417 Mich 1100.16 (1983). Use of the Michigan Criminal Jury Instructions is not required. *People v Petrella,* 424 Mich 221, 277; 380 NW2d 11 (1985). Cautionary instructions need only be given when circumstantial evidence against a defendant is weak. *People v Armentero,* 148 Mich App 120, 132; 384 NW2d 98 (1986), lv den 425 Mich 883 (1986). Because the circumstantial evidence against defendant in this case was not weak, the trial court did not err in declining to give the instructions.

II

Equally without merit is defendant's contention that his conviction is invalid because the amendment to MCL 750.282; MSA 28.493, effective April 12, 1984, elevated from an excess of $50 to an excess of $500 the amount of services which the prosecution must prove was obtained by fraudulent means in order to convict for a felony. MCL 8.4a; MSA 2.214 unambiguously provides that unless there is a specific provision voiding a former law, any actions pending on the effective date of a new law are saved. Since defendant was arraigned on March 9, 1984, the action against him was pending on the effective date of the amended statute. The Legislature's omission in the amendment to MCL 750.282; MSA 28.493 to expressly

provide for release or relinquishment of the repealed portion of the statute necessarily validates defendant's conviction under the statute as it formerly existed. See *People v McDonald,* 13 Mich App 226, 229-230; 163 NW2d 796 (1968), lv den 381 Mich 795 (1968).

III

We are unpersuaded by defendant's argument that he was denied his constitutional right to a speedy trial. To determine whether a defendant has been denied the right to a speedy trial, this Court looks to: (1) length of the delay, (2) reasons for the delay; (3) defendant's assertion of his right to a speedy trial; and (4) whether defendant was prejudiced because of the delay. *People v Gambrell,* 157 Mich App 253, 259; 403 NW2d 535 (1987); *People v Collins,* 388 Mich 680, 687-695; 202 NW2d 769 (1972), adopting the test of *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972).

Regarding the length of and reasons for delay in this case, defendant was arrested in February of 1984 and brought to trial on May 19, 1986, a delay of approximately twenty-seven months. We note, however, that this delay cannot be attributed entirely to the prosecution, at least ten months being clearly chargeable to defendant.

Our review of this matter indicates that defendant never asserted his right to a speedy trial, his only mention of this right being a motion to quash which was filed immediately before trial. Nor has defendant shown prejudice by the delay of his trial, since (1) he was never incarcerated, (2) he did not retain new counsel in order to minimize the anxiety which may have arisen due to his counsel's delays, and (3) the delay did not impair his

defense since no witnesses were lost. *Collins, supra* at 694-695. If anything, it is probable that the prosecution's witnesses would have forgotten things more helpful to the prosecution than to defendant.

Subtracting the period of time for which defendant was responsible for the delay, the total delay which should here be considered was approximately seventeen months and therefore is less than the eighteen-month time period after which a presumption of prejudice would arise. See *People v Taylor,* 110 Mich App 823, 828-829; 314 NW2d 498 (1981). Since prejudice to a defendant is not presumed before the eighteen-month time period has elapsed, defendant bears the burden of showing that his rights were infringed; however, his failure to assert the right to a speedy trial weighs heavily against him. *Id.*

From the foregoing analysis we conclude that the trial court did not clearly err when determining that defendant was not prejudiced by the delay in bringing him to trial. MCR 2.613(C).

Affirmed.