PEOPLE v JACKSON

Docket No. 107141. Submitted May 8, 1989, at Detroit. Decided August 9, 1989. Leave to appeal applied for.

Chester D. Jackson was convicted of one count of possession with the intent to deliver more than 50 grams but less than 225 grams of cocaine following a bench trial in the Recorder's Court for the City of Detroit. The trial court, Michael J. Talbot, J., sentenced defendant to from ten to twenty years imprisonment. Defendant appealed.

The Court of Appeals *held:*

1. The failure of the police officers who executed the search warrant for the dwelling in which defendant was arrested to comply with the statutory requirement that they give the occupants an opportunity to respond to their announcement of authority and purpose before forcibly entering the dwelling was, under the circumstances of this case, excused.

2. Defendant was not denied effective assistance of trial counsel. Defendant did not overcome the presumption that he received effective assistance of counsel.

3. The trial judge sufficiently articulated his findings of fact and conclusions of law to support his decision.

4. Defendant was properly sentenced under the provisions of MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii) in force at the time of the commission of the crime.

5. The requirement that a presentence report make a specific recommendation for disposition was literally fulfilled in this action. The fact that the recommended sentence was not possi-

REFERENCES

Am Jur 2d, Constitutional Law §§ 641-644; Criminal Law §§ 178, 527, 535, 590, 598, 599, 602, 606, 629, 749, 752, 984-987; Searches and Seizures §§ 91, 114; Trial §§ 17, 21-23.

Antagonistic defenses as ground for separate trials of codefendants in criminal case. 82 ALR3d 245.

What constitutes compliance with knock-and-announce rule in search of private premises—state cases. 70 ALR3d 217.

Comment Note: Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

ble under the applicable criminal statute is of no moment. Further, defendant was not prejudiced thereby.

6. Defendant's sentence is neither shocking nor cruel and unusual. The sentence was within the range allowed by statute. The trial judge adequately articulated the reasons for defendant's sentence and why it differed from that imposed on his codefendant. Defendant received a sentence he has a reasonable prospect of actually serving.

7. Defendant was not denied the effective assistance of appellate counsel.

Affirmed.

1. SEARCHES AND SEIZURES — EXECUTION OF SEARCH WARRANTS — KNOCK AND ANNOUNCE RULE — EXIGENT CIRCUMSTANCES.

The existence of exigent circumstances may excuse noncompliance with the statute which requires police officers executing a search warrant to notify the people within the premises to be searched of their authority and purpose and permits forcible entry of the premises by the police only after they have been refused admittance; refusal of admittance under the statute is not limited to affirmative denials (MCL 780.656; MSA 28.1259[6]).

2. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUNSEL.

Effective assistance of counsel is presumed and the defendant has the burden of proving otherwise; the presumption can be overcome by showing that defendant was prejudiced by counsel's failure to perform an essential duty or by showing that counsel failed to meet even a minimal level of competence.

3. CRIMINAL LAW — TRIAL — SEPARATE TRIALS.

Criminal defendants generally do not have a right to a separate trial; joinder of defendants for trial is generally within the trial court's discretion, however, severance should be granted where the defenses of several defendants are antagonistic to each other; a confession is not antagonistic for purposes of determining whether to sever a trial where the confession of a codefendant incriminates both the codefendant and defendant.

4. STATUTES — CRIMINAL LAW — AMENDMENT OF STATUTES.

Amendments to criminal statutes concerning sentences or punishment are not retroactive; the general rule is that the sentence or punishment imposed is that prescribed by the statute in force at the time of the commission of the crime (MCL 8.4a; MSA 2.214).

5. Criminal Law — Sentencing — Presentence Reports.

　A presentence report must, pursuant to statute, make a specific recommendation for disposition of the defendant; a presentence report recommending only incarceration complies with the statutory mandate; the fact that the recommended sentence is not possible under the applicable criminal statute is of no moment (MCL 771.14[2][d]; MSA 28.1144[2][d]).

6. Criminal Law — Sentencing.

　Sentences should be individualized and tailored to fit the offender; identical sentences need not be imposed on codefendants.

7. Criminal Law — Sentencing — Term of Years.

　A term of years sentence must be an indeterminate sentence less than life and must be something that is reasonably possible for a defendant actually to serve.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Joseph A. Puleo,* Assistant Prosecuting Attorney, for the people.

Chester Jackson, in propria persona, and *Clarence H. Ledwon,* for defendant on appeal.

Before: Cynar, P.J., and Brennan and Marilyn Kelly, JJ.

Per Curiam. On December 1, 1987, following a bench trial, defendant was convicted of one count of possession with the intent to deliver more than 50 grams but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). Defendant was sentenced to ten to twenty years imprisonment. Defendant appeals as of right. We affirm.

Defendant first argues that the search warrant for the dwelling in which defendant was arrested was improperly executed in violation of Michigan's "knock-and-announce" statute, MCL 780.656; MSA 28.1259(6). Defendant maintains that the police

officers failed to give the occupants an opportunity to respond to their announcement of authority and purpose before forcibly entering the dwelling, as required under the statute. However, refusal of admittance under the statute is not limited to affirmative denials. *People v Slater,* 151 Mich App 432, 437; 390 NW2d 260 (1986). The existence of exigent circumstances, as were present in this case, may excuse noncompliance with the statute. *Slater,* 151 Mich App at 440. In this case, as the officers approached, a woman was observed running from the front porch into the house. As in *Slater, supra,* her actions provided the officers with a reasonable belief that they would be denied admittance and any evidence contained inside the dwelling would be in jeopardy. Under the circumstances, the officers' noncompliance with the statute was excused.

Defendant also argues unpersuasively that he was denied effective assistance of counsel in violation of both the United States Constitution, Am VI, and the Michigan Constitution of 1963, art 1, § 20, when his trial attorney failed to challenge the search warrant or move for severance when a codefendant's confession implicated defendant.

In *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977), our Supreme Court established a bifurcated test for ineffective assistance of counsel claims. First, defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law. Second, even though the first test is satisfied, counsel must not make a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

Effective assistance of counsel is presumed, and defendant has the burden of proving otherwise. *People v Hunter,* 141 Mich App 225, 229; 367

NW2d 70 (1985), lv den 426 Mich 871 (1986). The presumption can be overcome by showing that defendant was prejudiced by counsel's failure to perform an essential duty, *People v Reinhardt,* 167 Mich App 584, 591; 423 NW2d 275 (1988), lv den 430 Mich 874 (1988), or by showing that counsel failed to meet even a minimal level of competence, *People v Jenkins,* 99 Mich App 518, 519; 297 NW2d 706 (1980).

The federal constitutional standard was formulated in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), reh den 467 US 1267 (1984). As under the state standard, the defendant has the burden of overcoming the presumption that the challenged action was sound trial strategy. *Strickland,* 466 US at 689. First, defendant must show that counsel's performance was deficient as measured against what is objectively reasonable under the circumstances according to prevailing professional norms. *Strickland,* 466 US at 687-688. Second, the deficiency must be prejudicial to the defendant such that, absent the error, there was a reasonable probability that the factfinder would have had a reasonable doubt concerning defendant's guilt. *Id.*

While at least one panel of our Court is of the opinion that *Strickland* overrules *Garcia* even under the Michigan Constitution, creating an apparent conflict which our Supreme Court has not yet resolved, see *People v Dalessandro,* 165 Mich App 569, 574-575; 419 NW2d 609 (1988), lv den 430 Mich 880 (1988), we find little or no practical difference between the two tests. Both standards presume effective assistance of counsel, and both require defendant to overcome the presumption by showing deficient and unreasonable conduct by counsel and resultant prejudice. Nevertheless, re-

gardless of the test employed, defendant failed to carry his burden here.

Defendant first contends counsel was ineffective for failing to challenge the validity of the search warrant, arguing that there was sufficient evidence to suggest that the person who allegedly sold drugs to the police informant was nonexistent. However, the only evidence which defendant cites in support of his argument is that the person in question was not in the house when the search warrant was executed. Alone, that is not enough to question counsel's decision not to challenge the warrant's validity. Defendant offers no evidence that the police knew the seller was nonexistent. Further, counsel did seek to suppress the cocaine by challenging the validity of the search warrant's execution. Thus, defendant has failed to establish ineffective assistance of counsel and resultant prejudice regarding the search warrant.

Defendant also wrongly contends that his trial attorney's failure to move for severance constituted ineffective assistance where a codefendant's confession tended to implicate him. The general rule is that a criminal defendant does not have a right to a separate trial. Joinder of defendants for trial is usually within the discretion of the court, but severance should be granted when the defenses of several defendants are antagonistic to each other. *People v Hurst,* 396 Mich 1, 6; 238 NW2d 6 (1976), reh den 396 Mich 976 (1976). However, a confession is not "antagonistic" for the purposes of determining whether to sever a trial where, as here, the confession of a codefendant incriminates both the codefendant and defendant. *People v Stanley Jackson,* 158 Mich App 544, 556; 405 NW2d 192 (1987), lv den 428 Mich 917 (1987).

Further, defendant's citation of *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476

(1968), which held that admission in a joint trial of a nontestifying codefendant's confession violates the other defendant's Sixth Amendment right of confrontation, is inapplicable. Here, the codefendant did testify that he did not make the alleged confession, and, thus, defendant had the opportunity to confront and cross-examine him.

Defendant next argues that the trial judge failed to sufficiently articulate findings of fact and conclusions of law to support his decision as required under MCR 2.517(A)(1). See *People v Robert Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973). However, examination of the record of the trial court's opinion reveals otherwise. In his findings, the trial judge stated that direct and complete control over 119 grams of cocaine in defendant's bag satisfied the statutory requirement of possession. In addition, the various paraphernalia and slips suggesting continuing transactions also found in defendant's bag led the trial judge to infer beyond a reasonable doubt that there was possession with intent to deliver. Further, the court noted that defendant's presence in another person's home at the time of his arrest inured against him on the issue of intent to deliver. In conclusion, the trial judge stated that the evidence as presented against both defendants was sufficient beyond a reasonable doubt to find guilt of possession with intent to deliver over 50 grams but less than 225 grams of powder containing cocaine.

Concerning his sentence, defendant raises a number of arguments, none of them persuasive.

Defendant argues that this Court should give retroactive effect to the recent amendment of MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), the statute under which he was sentenced, and remand for resentencing accordingly. The new version of the statute reduces the minimum possible

term of imprisonment from ten years to five years. However, the general rule is that the sentence or punishment imposed is that prescribed by the statute in force at the time of the commission of the crime. Amendments to criminal statutes concerning sentences or punishment are not retroactive. *People v Osteen,* 46 Mich App 409, 413; 208 NW2d 198 (1973), lv den 390 Mich 760 (1973); *People v Poole,* 7 Mich App 237, 243; 151 NW2d 365 (1967).

Moreover, MCL 8.4a; MSA 2.214 provides unambiguously:

> The repeal of any statute or part thereof shall not have the effect to release or relinquish any penalty, forfeiture, or liability incurred under such statute or any part thereof, unless the repealing act shall so expressly provide, and such statute and part thereof shall be treated as still remaining in force for the purpose of instituting or sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

MCL 8.4a; MSA 2.214 applies to the amendment as well as the repeal of statutes. In *People v Gravedoni,* 172 Mich App 195, 197-198; 431 NW2d 221 (1988), our Court upheld a felony conviction following an arraignment which occurred before an amendment to the applicable statute became effective, which amendment would make the crime less than a felony. Therefore, since the Legislature did not expressly provide for the release or relinquishment of the amended portion of the statute at issue here, its failure to do so necessarily validates defendant's sentence under the then-existing version of the statute.

Defendant's next argument concerning his sentence is that he was denied due process of law, as guaranteed by the state and federal constitutions,

when his presentence report recommended a sentence of twelve to twenty-four months, contrary to MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), which, at that time, required either life probation or ten to twenty years in prison. Defendant argues that, since it was legally impossible for the trial court to follow the presentence report, he was denied his right to a specific recommendation in his presentence report. We do not agree.

MCL 771.14(2)(d); MSA 28.1144(2)(d) requires that a presentence report make a specific recommendation for disposition. This requirement was literally fulfilled. The fact that the recommended sentence of one year in the Wayne County Jail, followed by one year in a halfway house, was not possible under the applicable criminal statute is of no moment. A presentence report recommending only incarceration complies with the statutory mandate of MCL 771.14; MSA 28.1144. *People v Terry,* 163 Mich App 515; 415 NW2d 657 (1987). Remand for resentencing is mandated where a presentence report fails to make any recommendation at all. *People v Green,* 123 Mich App 563, 568; 332 NW2d 610 (1983). However, here the presentence report did give a recommendation.

Further, defendant was in no way prejudiced. The presentence report complied with all other aspects of MCL 771.14; MSA 28.1144 and the trial judge was aware of the mistake, knew the applicable alternative sentences to impose, and sentenced defendant accordingly.

Defendant argues further that his sentence of ten to twenty years in prison, versus lifetime probation, should shock our judicial conscience for the reasons that the sentence was excessively disparate to his codefendant's sentence of life probation, the sentence exceeds defendant's life expectancy, and the trial judge failed to articulate on

the record the criteria considered and the reasons for the sentence imposed. Defendant also contends that his sentence is unconstitutionally disproportionate to the crime, constituting cruel and unusual punishment. We disagree on all counts.

First, we do not find defendant's sentence either shocking or cruel and unusual for the reason that it falls squarely within the permissible range allowed under MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii) as it existed then, and, for that matter, as it exists now as amended.

Second, the trial judge did, in fact, adequately articulate the reasons for defendant's sentence and why it differed from that imposed on his codefendant. Sentences should be individualized and tailored to fit the offender. Identical sentences need not be imposed on codefendants. *Wayne Co Prosecutor v Recorder's Court Judge,* 164 Mich App 740, 743; 417 NW2d 594 (1987); *People v Bisogni,* 132 Mich App 244, 245-246; 347 NW2d 739 (1984). Here, the trial judge gave weight to defendant's age (forty-seven years old) and intelligence (high school graduate), as compared to his codefendant's age (twenty years old) and intelligence (eighth grade education), noting that when "more is given to somebody, more should be expected of them." These factors considered by the trial judge show that the two defendants' circumstances were different and their sentences were not excessively disproportionate.

Third, with respect to defendant's contention that his sentence exceeds his life expectancy due to his phlebitis (inflammation of a vein or veins), defendant has yet to offer any medical opinion evidence or request an evidentiary hearing and has thus waived the issue. *People v Ginther,* 390 Mich 436, 443-444; 212 NW2d 922 (1973). Moreover, as noted by our Supreme Court recently in

*People v Moore,* 432 Mich 311, 329; 439 NW2d 684 (1989), concerning indeterminate sentences less than life:

> [W]e hold that a "term of years" must be an indeterminate sentence less than life. It must be something that is reasonably possible for a defendant actually to serve.
>
> We decline, however, to adopt either a rigid cap on indeterminate sentences or a rule that a trial court must make a factual determination of a particular defendant's actual life expectancy. Otherwise, the trial court would not only find itself evaluating a defendant's actual state of health, but would find itself reviewing the life expectancies of demographic subgroups, family health histories, and behavioral risks of acquiring certain illnesses, such as cancer and heart disease.
>
> Instead, we simply direct the trial court to fashion a sentence that a defendant in his mid-to late-thirties has a reasonable prospect of actually serving.

We believe defendant here has received a sentence he has a reasonable prospect of actually serving.

Finally, defendant contends that he was denied effective assistance of counsel on appeal because his original appellate counsel failed to argue issues regarding the amendment of MCL 333.7401; MSA 14.15(7401) and the presentence report recommendation and also abandoned defendant. However, it is clear that defendant was in no way prejudiced. A new attorney was appointed, two supplementary briefs were filed (one pro se and one by the appointed attorney), and oral argument was granted and heard. Moreover, as set forth previously, we find the two issues which form the basis of defendant's ineffective assistance of appellate counsel claim to be unpersuasive.

Affirmed.