*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRNDEN LAMIR PATTERSON,

        Defendant-Appellant.

UNPUBLISHED
March 16, 2023

No. 360938
Houghton Circuit Court
LC Nos. 22-003286-FH;
           22-003287-FH;
           22-003288-FH;
           22-003289-FH

Before: GLEICHER, C.J., and K. F. KELLY and LETICA, JJ.

LETICA, J. (*concurring*).

I join in the majority's disposition but would reach the same resolution, although on other grounds.

## I. LEGAL PRINCIPLES

The appellate court reviews questions of statutory interpretation de novo. *People v Propp*, 508 Mich 374, 383; 976 NW2d 1 (2021). To interpret the statute, the plain language is examined because it provides the most reliable evidence of legislative intent. *Id*. Effect must be given to every word, phrase, and clause, and we must avoid an interpretation that would make any part of the statute surplusage or nugatory. *People v Miller*, 498 Mich 13, 25; 869 NW2d 204 (2015). The Legislature, when enacting or amending a statute, is presumed to know of existing statutes and laws. *People v Ackah-Essien*, 311 Mich App 13, 27; 874 NW2d 172 (2015); *People v Rosecrants*, 88 Mich App 667, 670; 278 NW2d 713 (1979).

"Whether a statute applies retroactively presents a question of statutory construction that this Court reviews de novo." *People v Conyer*, 281 Mich App 526, 528-529; 762 NW2d 198 (2008). The intent of the Legislature governs the determination whether a statute is applied prospectively or retroactively. *Id*. at 529. "The general rule of statutory construction in Michigan is that a new or amended statute applies prospectively unless the Legislature has expressly or impliedly indicated its intention to give it retrospective effect." *People v Russo*, 439 Mich 584, 594; 487 NW2d 698 (1992). Stated otherwise, there is a presumption that a statute operates prospectively unless the contrary intent is clearly declared. *Conyer*, 281 Mich App at 529.

The general rule is that the statute in force at the time of the commission of the crime governs. See *People v Jackson*, 179 Mich App 344, 351; 445 NW2d 513 (1989), vacated in part on other grounds 437 Mich 866 (1991). MCL 8.4a addresses repeal of any or part of a statute and provides:

> The repeal of any statute or part thereof shall not have the effect to release or relinquish any penalty, forfeiture, or liability incurred under such statute or any part thereof, unless the repealing act shall so expressly provide, and such statute and part thereof shall be treated as still remaining in force for the purpose of instituting or sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

In addition to the repeal of statutes, MCL 8.4a also applies to the amendment of statutes. *Jackson*, 179 Mich App at 351.

This Court has declined to allow a party to obtain the benefit of a statutory amendment that took effect after the crime was charged. In *People v Gravedoni*, 172 Mich App 195, 197; 431 NW2d 221 (1988), the defendant was charged with fraudulent use of electric service in excess of $50, MCL 750.282. He was arraigned on March 9, 1984. MCL 750.282 was amended effective April 12, 1984. Under the amended statute, the prosecutor was required to prove that the amount of service that was obtained by fraudulent means was in excess of $500 to convict of a felony. Thus, the statutory amendment elevated the monetary amount of electric service used to constitute a felony. Nonetheless, this Court declined to void defendant's conviction in light of the amendment, noting the application of MCL 8.4a and the absence of legislative action, stating:

> Equally without merit is defendant's contention that his conviction is invalid because the amendment to MCL 750.282 . . . effective April 12, 1984, elevated from an excess of $50 to an excess of $500 the amount of services which the prosecution must prove was obtained by fraudulent means in order to convict for a felony. MCL 8.4a . . . unambiguously provides that unless there is a specific provision voiding a former law, any actions pending on the effective date of a new law are saved. Since defendant was arraigned on March 9, 1984, the action against him was pending on the effective date of the amended statute. The Legislature's omission in the amendment to MCL 750.282 . . . to expressly provide for release or relinquishment of the repealed portion of the statute necessarily validates defendant's conviction under the statute as it formerly existed. [*Gravedoni*, 172 Mich App at 197-198.]

Additionally, in *People v McDonald*, 13 Mich App 226, 228-229; 163 NW2d 796 (1968), the defendant was convicted of breaking and entering in the nighttime. After the defendant was convicted, the Legislature eliminated the statutory distinction between nighttime and daytime breaking and entering, MCL 750.110. Consequently, the defendant claimed that any prosecution for offenses under the nighttime provision had been repealed, were now "barred by the legislative action," and his conduct was effectively no longer subject to punishment. *Id*. This Court noted that prior caselaw held that the effect of striking a former statute was to obliterate it entirely and to preclude any prosecution under the repealed provision; but it was further observed that the

Legislature was free to enact a savings statute, and later did act, to preclude this result.[1] Indeed, in the next session, the Legislature responded to the legal holding by enacting MCL 8.4a, and restricted the effects of a repeal or partial amendment unless "the repealing act shall so expressly provide." *Id*. at 229. This Court examined the amendment to MCL 750.110, in light of the savings provision of MCL 8.4a, and determined that the elimination of the distinction between nighttime and daytime breaking and entering did not "expressly relinquish any penalty incurred," and the amendment did not defeat prosecution of those "who violated the former provision by breaking and entering in the nighttime."

## II. ANALYSIS[2]

Defendant contends that the amendment to MCL 712A.3 through the "Raise the Age" legislation was intended to make a sweeping change to the juvenile and criminal code and designed to ameliorate consequences for acts committed by 17-year-olds. Therefore, it was designed to apply to pending cases. However, defendant's reliance on *People v Schultz*, 435 Mich 517; 460 NW2d 505 (1990), to support this contention is misplaced. A majority of our Supreme Court must agree on a ground for the decision in order to constitute binding precedent over future cases. *People v Tanner*, 496 Mich 199, 214 n 6; 853 NW2d 653 (2014). Plurality opinions, in which a majority of the justices do not agree on the rationale to support the holding, do not constitute binding precedent under the doctrine of stare decisis. *Negri v Slotkin*, 397 Mich 105, 109; 244 NW2d 98 (1976); see also *People v Fontenot*, 333 Mich App 528, 534 n 2; 963 NW2d 397 (2020), vacated in part on other grounds 509 Mich 1073 (2022). Because a majority did not agree on a basis to reach a holding, the *Schultz* decision does not constitute binding precedent.[3] At the time defendant allegedly committed the charged offenses, he was 17 years old. MCL 712A.3(1) then provided that:

> If during the pendency of a criminal charge against a person in any other court it is ascertained that the person was under the age of 17 at the time of the commission of the offense, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the person resides.

---

[1] See *People v Lowell*, 250 Mich 349, 356, 360-361; 230 NW 202 (1930).

[2] In his first issue, defendant alleged that the November 30, 2021 amendment to MCL 712A.3, 2021 PA 118, could not apply to him because of the title. The statutory titles and headings serve as useful navigational tools but cannot override the plain language of the text of the statute. *People v Bruce*, 504 Mich 555, 575-576; 939 NW2d 188 (2019). Rather, we examine the language of the statute to determine its meaning. *Id*.; see also *Propp*, 508 Mich at 383. Defendant's challenge on this ground is without merit.

[3] Additionally, the *Schultz* decision did not address the criminal code but changes to minimum sentences under the Public Health Code. *Schultz*, 435 Mich at 531-532 (Opinion by Archer, J.).

-3-

This version of MCL 712A.3(1) controls because it was in force at the time of the commission of the crimes allegedly committed by defendant. *Jackson*, 179 Mich App at 351.

In 2019, the Legislature amended MCL 712A.3(1) with the enactment of 2019 PA 109, effective October 1, 2021, to state:

> If during the pendency of a criminal charge against a person in any other court it is ascertained that the person was under the age of 18 at the time of the commission of the offense, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the person resides.

Defendant was 17 years old when he allegedly committed felonies between May 19, 2021 and July 19, 2021. He turned 18 years old on September 10, 2021. Despite meeting the age requirement of the amended version of MCL 712A.3(1) to obtain a transfer to the family division of the circuit court, defendant was not governed by this version of MCL 712A.3(1). The amended version was not in effect at the time of the commission of the alleged offenses, *Jackson*, 179 Mich App at 351, and the Legislature failed to provide for release or relinquishment of the repealed portion of the statute thereby validating application of the statute as it formerly existed, *Gravedoni*, 172 Mich App at 197-198. Thus, defendant's reliance on the amendment of MCL 712A.3(1), effectuated by 2019 PA 109, is without merit.

Lastly, defendant recognizes that MCL 712A.3(1) was subsequently amended by 2021 PA 118 and submits that this amendment, when compared with the amendment effectuated by 2019 PA 109, violates the prohibition against ex post facto laws. Because MCL 712A.3(1), as amended by 2019 PA 109, did not apply to defendant, this challenge does not entitle him to appellate relief.[4]

For these reasons, I would affirm.

/s/ Anica Letica

---

[4] Moreover, defendant's contention that the breadth of the 2019 amendment to MCL 712A.3, 2019 PA 109, was intended to ameliorate consequences to 17-year-olds is belied by the most recent amendment to MCL 712A.3, 2021 PA 118.