PEOPLE v LINK

Docket No. 191991. Submitted April 3, 1997, at Lansing. Decided August 26, 1997, at 9:00 A.M.

Daniel J. Link filed an application in the Oakland Circuit Court on December 15, 1994, seeking the expungement of a November 1989 conviction of third-degree criminal sexual conduct pursuant to MCL 780.621; MSA 28.1274(101). The court, Jessica R. Cooper, J., denied the motion. Link appealed. Thereafter, the expungement statute was amended, 1996 PA 573, effective April 1, 1997, to expressly preclude the expungement of criminal sexual conduct convictions.

The Court of Appeals *held*:

The amendment of the expungement statute operates retroactively to preclude the expungement of the defendant's criminal sexual conduct conviction.

1. A new or amended statute generally applies prospectively unless the Legislature has expressly or impliedly indicated its intention to give the statute retrospective effect. However, an exception to this general rule is recognized where the statute is remedial or procedural in nature.

2. Statutes that operate in furtherance of a remedy already existing and that neither create new rights nor destroy rights already existing operate retrospectively unless a different intention is clear.

3. The expungement statute is remedial and does not create new rights or destroy existing rights.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION — PROSPECTIVE APPLICATION — RETROSPECTIVE APPLICATION.

A new or amended statute generally applies prospectively unless the Legislature has expressly or impliedly indicated its intention to give the statute retrospective effect; an exception is recognized where a statute is remedial or procedural in nature; statutes that operate in furtherance of a remedy already existing and that neither create new rights nor destroy rights already existing operate retrospectively unless a different intention is clear.

2. Criminal Law — Expungement — Statutes — Retroactive Application.

 MCL 780.621; MSA 28.1274(101), which provides for the expungement of certain convictions, is a remedial statute that does not create new rights or destroy existing rights; the amendment of the statute in 1996 PA 573, effective April 1, 1997, which expressly precludes the expungement of certain convictions including those for criminal sexual conduct, is remedial and therefore is properly given retroactive application.

3. Statutes — Judicial Construction — Retroactive Application.

 The object of a statute, the harm it is designed to remedy, and a reasonable construction that best accomplishes the purpose of the statute are considered in determining whether to apply a statute retroactively.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *David Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, *Richard H. Browne*, Interim Chief, Appellate Division, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

*Eugene S. Hoiby and Associates* (by *Eugene S. Hoiby* and *Thomas A. Beck*), for the defendant.

Before: Saad, P.J., and Neff and Jansen, JJ.

Saad, P.J.

I

NATURE OF THE CASE

Defendant appeals as of right from the circuit court's June 1995 order denying his motion to expunge his 1989 conviction of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a) (penetration of a child, aged thirteen to sixteen). After this appeal was filed and briefed, Michigan's expungement statute, MCL 780.621; MSA 28.1274(101), was amended, 1996 PA 573, effective

April 1, 1997. Therefore, we must determine whether this amendment, which expressly precludes expungement of criminal sexual conduct convictions, operates retrospectively to preclude expungement of this 1989 criminal sexual conduct conviction. We decide that it does, and consequently, we affirm the circuit court's decision.

II

BACKGROUND

On November 2, 1989, defendant was convicted of third-degree criminal sexual conduct following his plea of nolo contendere. On December 15, 1994, defendant filed an application to set aside his conviction pursuant to MCL 780.621; MSA 28.1274(101). The prosecutor objected to expungement on various grounds, including the existence of other alleged criminal convictions. The circuit court ultimately denied defendant's application and his motion for reconsideration.[1] On January 12, 1996, defendant filed his claim of appeal in this Court.

It is undisputed that, until March 31, 1997, Michigan law, MCL 780.621; MSA 28.1274(101), permitted expungement of second- and third-degree criminal sexual conduct convictions, where a five-year conviction-free period had elapsed before the filing of an

---

[1] The court found defendant's application flawed because it failed to contain a statement by defendant indicating that he had not been convicted of an offense other than the one he sought to have set aside. Second, the court found that defendant had been convicted of an offense other than the criminal sexual conduct offense and, therefore, was ineligible for expungement. Finally, the court stated that even if defendant were eligible, it would deny expungement because of the nature and circumstances of the crime. Though we disagree with the court's reasoning, for the reasons set forth in our opinion, we nonetheless affirm the result.

application for expungement. It is similarly undis-
puted that 1996 PA 573, which amended MCL 780.621;
MSA 28.1274(101), provides:

> Sec 1. . . .
>
> \*      \*      \*
>
> (2) A person shall not apply to have set aside, and a
> judge shall not set aside, a conviction for a felony for which
> the maximum punishment is life imprisonment or an
> attempt to commit a felony for which the maximum punish-
> ment is life imprisonment, a conviction for a violation or
> attempted violation of . . . 750.520c, *750.520d* [third-degree
> criminal sexual conduct], 750.520g of the Michigan Com-
> piled Laws, or a conviction for a traffic offense.
>
> \*      \*      \*
>
> Sec 2. This amendatory act shall take effect *April 1, 1997*.
> [Emphasis added.]

Plaintiff's appeal raises the question whether Michi-
gan courts may expunge a third-degree criminal sex-
ual conduct conviction when the *conviction* and the
*filing of an application for expungement* occurred
before April 1, 1997 (the effective date of the statu-
tory amendment).

### III

#### ANALYSIS

Under Michigan law, a new or amended statute
generally applies prospectively unless the Legislature
has expressly or impliedly indicated its intention to
give the statute retrospective effect. *People v Russo*,
439 Mich 584, 594; 487 NW2d 698 (1992). However, an
exception to the general rule is recognized where a
statute is remedial or procedural in nature. *Id.* "Stat-

utes that operate in furtherance of a remedy already existing and that neither create new rights nor destroy rights already existing are held to operate retrospectively unless a different intention is clear." *Id.*

Here, we conclude that the expungement statute is remedial and that it does not create new or destroy existing rights. Under the terms of the expungement statute (both before and after the April 1, 1997, amendment), the setting aside of a conviction "is a privilege and conditional and is *not a right.*" MCL 780.621(9); MSA 28.1274(101)(9) (emphasis added). Furthermore, this Court has construed similar statutes, MCL 762.11; MSA 28.853(11) and MCL 762.14; MSA 28.853(14),[2] which operate to close criminal records under certain circumstances, to be remedial. *People v Trinity,* 189 Mich App 19, 21; 471 NW2d 626 (1991).

We are also instructed by *State v Heaton,* 108 Ohio App 3d 38; 669 NE2d 885 (1995), where the defendant was convicted of "gross sexual imposition on a three-year-old" in 1988 and moved for expungement of his conviction in November 1994. On December 9, 1994, the Ohio expungement statute was amended (similar to our Michigan statute), in such a manner that the defendant's sexual crime could no longer be expunged. The defendant there argued that the trial court erred in denying his application for expungement. In affirming the decision of the trial court, the appellate court said:

---

[2] MCL 762.11; MSA 28.853(11) and MCL 762.14; MSA 28.853(14) permit persons who commit crimes (other than a felony punishable by life imprisonment, a major controlled substance offense, or a traffic offense) while they are aged seventeen to twenty and who successfully complete youthful trainee status to have their criminal record closed.

> Appellant contends that the right of expungement provided to him in 1988 and at the time of his conviction, and which was still available to him at the time he filed his application for expungement in November 1994, was a substantive right which vested before the enactment of amended R.C. 2953.36. We disagree.

> \*          \*          \*

> . . . [W]e find that appellant never had a substantive vested right. "A right cannot be regarded as vested in the constitutional sense unless it amounts to something more than an expectation of future benefit of interest." . . .

> The expungement statute is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having the record of their first conviction sealed, should the court in its discretion so decide. Expungement is a matter of privilege, never of right. We accordingly find no violation of the rule against retroactivity in the case at bar. *Heaton, supra* at 40-41. [Citations omitted.]

The court's reasoning in *Heaton* is clearly applicable here. See also *State v TPM*, 189 NJ Super 360, 365; 460 A2d 167 (1983) (refusing to permit expungement after an amendment in the statute, noting that "[l]egislation which readjusts rights and burdens is not unconstitutional solely because it upsets settled expectations"); *State v Burke*, 109 Or App 7, 12; 818 P2d 511 (1991) (refusing to permit expungement after an amendment, finding no violation of the Ex Post Facto Clause because expungement is "unrelated to the length or nature of an individual's incarceration or constructive custody" and it "does not increase imprisonment, forestall parole or extend probation").

In determining whether to apply a statute retroactively, it is also appropriate to consider " 'the object of the statute, the harm which it is designed to rem-

edy,'" and to "'apply a reasonable construction which best accomplishes the statute's purpose.'" *Russo, supra* at 595. (Citation omitted.) Although we acknowledge that a Senate bill analysis is not an official statement of legislative intent, we nonetheless find the Senate Fiscal Agency Bill Analysis of SB 1177, November 6, 1996, pp 2-3, which became 1996 PA 573, effective April 1, 1997 (which precludes expungement of criminal sexual conduct convictions), helpful with regard to the question whether the amendment should apply retroactively:

> Although the Michigan Court of Appeals has ruled that the nature of a crime cannot stand alone as a determining factor in a court's denial of a petition to set aside a conviction, some offenses are so serious and sensitive that convictions for them should not be allowed to be expunged. Indeed, Public Act 213 of 1965 excludes from eligibility for expunction any felony for which the maximum punishment is imprisonment for life. Given the nature of the crimes, CSC felonies should be included in the exception to the expunction statute.
>
> Expunction provisions presumably were enacted to allow a person who had committed a youthful indiscretion and, later, turned his or her life around, to make amends and clear the slate on his or her criminal record. Some crimes, such as robbery or breaking and entering, are typically committed by young offenders and a clean record over a period of years may be a good indication that the person will not turn back to criminal activity. This is not the case with sexual offenders, however, and they simply pose too great a risk to allow their convictions to be set aside. It is a generally held belief in the criminal justice field that sexual offenders are the least rehabilitatable of all criminals and that sex crimes are not as limited to youthful offenders as are other crimes. . . . In addition, due to their sensitive nature, sex crimes are among the least reported violations. Consequently, even a review of a sex offender's "circumstances and behavior" since conviction, as required by Pub-

lic Act 213, may not reveal an accurate depiction of his or her activities.

While a conviction for first-degree CSC already may not be expunged, because it is a life-maximum offense, from a public safety standpoint, convictions for the felonies of second- and third-degree CSC, as well as assault with intent to commit CSC, also should be excluded from eligibility for expunction. *Allowing the expunction of those offenses may place children in danger. If those sexual assault violations are expunged from a person's criminal record, a potential employer cannot determine whether an applicant has a history of molesting children, for instance. A criminal history check on a person applying for a job as a teacher or day care worker, or on a person wishing to volunteer for a children's organization such as the Boy Scouts or a youth sports league, would turn up no indication that the applicant had been convicted of a sex crime if his or her record had been expunged.* Even a law enforcement officer or court could not reveal that information, as disclosure of an expunged conviction is a criminal violation under Public Act 213. [Emphasis added.]

This analysis similarly supports our conclusion that the amendment of the expungement statute is remedial and therefore should apply retroactively.

Accordingly, we conclude that the expungement statute (and its amendment) are remedial and that the amendment therefore may be applied retroactively. The circuit court's decision denying defendant's application for expungement is affirmed, though on different reasoning.

Affirmed