# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOUGLAS TERRANCE TAYLOR,

Defendant-Appellant.

UNPUBLISHED
November 24, 2015

No. 322426
Wayne Circuit Court
LC No. 13-006406-FC

Before: SHAPIRO, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a bench trial, of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to 22 ½ to 40 years' imprisonment for the second-degree murder conviction and two years' imprisonment for the felony-firearm conviction. We affirm the convictions but remand for the trial court to establish a factual basis for the imposition of $600 in court costs.

On March 14, 2013, defendant shot Kenneth Watkins 13 times in the chest with a rifle. Mumeen Shaheed, defendant's cousin and an eyewitness to the shooting, testified he saw defendant and Watkins talking and that defendant had a .40 caliber Glock handgun in a holster on his waistband. Shaheed then started talking to Watkins. During that conversation, defendant jumped up, walked toward Watkins, and angrily told Watkins to stop "messing" with him. Shaheed testified that defendant then walked away. Shaheed suggested that Watkins leave with him and began putting his shoes on. He said that when he looked back, defendant had gotten the rifle he usually kept in his closet. He then heard and saw defendant shoot Watkins multiple times. He testified that, at the time of the shooting, he did not see a gun in Watkins's hands. Shaheed testified that when defendant stopped shooting, he dropped his head and said "oh, my God, what have I done?" Shaheed testified that he ran away because he feared he would be shot next.

Defendant testified that he shot Watkins in self-defense. He explained that Watkins had come over unannounced, opened the door using unknown means, and sat down on a love seat near defendant's Glock. He testified that Watkins threatened to shoot him. He said that Watkins then grabbed the Glock, so he grabbed his rifle that was leaning against the wall next to him and

-1-

fired it when Watkins pointed the handgun at him.[1]  He testified that he fired because he was honestly scared for his life.

Defendant first argues that he was denied the effective assistance of counsel because his defense attorney failed to secure an independent competency evaluation.[2]  We disagree.

Criminal defendants have a constitutional right to effective assistance of counsel.  *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984); *People v Pubrat*, 451 Mich 589, 594; 548 NW2d 595 (1996).  To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was deficient such that it "fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).  Effective assistance of counsel is presumed.  *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014).  The defendant must overcome the presumption that defense counsel's challenged actions were trial strategy.  *Trakhtenberg*, 493 Mich at 52.

Before trial, defendant underwent a competency evaluation, conducted at the forensic center by licensed psychologist, Dr. Margo Gilbert.[3]  On September 18, 2013, Dr. Gilbert issued a competency report that presumably concluded defendant was competent to stand trial.[4]  The prosecutor and defense counsel stipulated to the report's admission, and the court ordered that defendant was competent to stand trial.[5]

Defendant argues that the prosecution's evidence showed he was behaving erratically the night of the shooting and that defense counsel knew that Shaheed was going to testify that

---

[1] The Glock was swabbed for DNA.  Subsequent testing was unable to exclude Watkins as a potential donor.

[2] This issue is unpreserved because it was not raised in a motion for new trial or an evidentiary hearing.  See *People v Sabin* (*On Second Remand*), 242 Mich App 656, 658-659; 620 NW2d 19 (2000).  Accordingly, our review is limited to the record.  *Id*. at 659.

[3] "On a showing that the defendant may be incompetent to stand trial, the court must order the defendant to undergo an examination by a certified or licensed examiner of the center for forensic psychiatry or other facility officially certified by the department of mental health to perform examinations relating to the issue of competence to stand trial."  MCR 6.125(C)(1).

[4] A copy of the competency report is not included in the lower court record; however, based on our review of the competency hearing transcript, it appears that the report found defendant competent.

[5] There is a May 30, 2013 order appointing an independent expert to evaluate defendant's competency in the lower court record.  However, on appeal neither of the parties address the order, nor is there additional information in the record indicating whether the appointed independent expert actually performed a competency evaluation in this case.

defendant had been becoming increasingly paranoid over the years. Given that, he asserts that defense counsel should have requested an independent competency hearing. However, there is no evidence that the competency report the parties stipulated to was inaccurate or that the evaluation was improper in any way. The evaluation was conducted by a licensed psychologist, and the competency hearing transcripts suggest that defendant was interviewed multiple times. Even if defense counsel had concerns regarding defendant's mental health, defendant has presented no evidence that defense counsel had reason to question the competency evaluation conducted by Dr. Gilbert or its results. Accordingly, defendant cannot establish that defense counsel's performance fell below an objective standard of reasonableness. See *Trakhtenberg*, 493 Mich at 51. Further, defendant provides no evidence that a second evaluation would have produced a different result regarding his competency, and so defendant cannot show that, but for defense counsel's alleged error, a reasonable probability exists that the outcome would have been different. See *id*.

Defendant next argues that the evidence used by the trial court to convict defendant was insufficient because the trial court summarily rejected his self-defense claim.[6] He argues that the court improperly relied on the number of gunshot wounds defendant inflicted upon Watkins to reject defendant's self-defense claim when the court should have assessed whether defendant honestly and reasonably believed his life was in imminent danger when he shot Watkins.[7]

MCL 780.972 provides that an individual not engaged in the commission of a crime may use deadly force, with no duty to retreat, if that individual has an honest and reasonable belief that such force is necessary to prevent imminent death or great bodily harm. MCL 780.972(1)(a); *People v Conyer*, 281 Mich App 526, 529-530; 762 NW2d 198 (2008). When a defendant introduces evidence of self-defense "from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist," the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense. *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010). Here, defendant's testimony was sufficient to

---

[6] Defendant does not argue that there was insufficient evidence to establish the elements of second-degree murder and felony-firearm. Accordingly, we review this issue only to determine if the trial court erred in rejecting defendant's self-defense claim.

[7] This Court reviews claims of insufficient evidence de novo, and the evidence presented must be viewed "in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Sherman-Huffman*, 241 Mich App 264, 265; 615 NW2d 776 (2000). This Court may not set aside a trial court's findings of fact unless they are clearly erroneous. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). A trial court's findings are clearly erroneous "if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*. (quotation marks omitted). In a bench trial, the court may state its findings on the record or in a written opinion. MCR 6.403. Within its findings, "[t]he court must find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment." MCR 6.403.

establish a prima facie defense of self-defense, so, in order to reject it, the trial court sitting as the finder of fact had to find that the prosecution proved beyond a reasonable doubt that defendant did not act in self-defense.

The trial court made its findings of fact on the record. In particular, the court credited Shaheed's testimony that (1) defendant had the Glock in a holster on his waistband, (2) defendant left the room and returned with the rifle, and (3) that Shaheed never observed Watkins with a gun in his hand. The trial court then stated that it found defendant's self-defense claim was "not credible," reasoning that Watkins died from 13 gunshot wounds. The trial court's statement regarding the number of gunshot wounds, even if used by the court to evaluate defendant's self-defense claim, does not mean that the court failed to consider whether defendant honestly and reasonably believed he was in imminent danger, as defendant suggests. Although the court did not specifically list the elements of self-defense or explicitly address whether defendant had an honest and reasonable belief, "[a] trial judge is presumed to know the law." *People v Garfield*, 166 Mich App 66, 79; 420 NW2d 124 (1988). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Here, the trial court clearly indicated that it found Shaheed's testimony more credible than defendant's testimony and concluded that defendant did not act in self-defense. Considering the facts found by the trial court, we conclude that there was sufficient evidence to find beyond a reasonable doubt that defendant did not act in self-defense.

Finally, defendant argues that the assessment of $600 in court costs should be vacated because the trial court had no statutory authority to impose the costs and the retroactive application of the recently amended MCL 769.1k, violates the constitutional prohibition against ex post facto laws.[8]

In *People v Cunningham*, 496 Mich 145, 147; 852 NW2d 118 (2014), our Supreme Court held that MCL 769.1k(1)(b)(*ii*) only allowed courts to impose costs that were separately authorized by statute. In response to *Cunningham*, the Legislature amended MCL 769.1k effective October 17, 2014. 2014 PA 352. As amended, MCL 769.1k(1)(b)(*iii*) allows for the imposition of court costs that are not independently authorized by the offense statute. See also *People v Konopka (On Remand)*, 309 Mich App 345, 357; ___ NW2d ___ (2015). In *Konopka*, this Court thoroughly addressed and rejected a host of constitutional challenges to the amendment of MCL 769.1k(1)(b), including the same alleged ex post facto violations being claimed by defendant in the present case. *Konopka*, 309 Mich App at 360-376. We are bound by *Konopka*, MCR 7.215(J)(1), and, accordingly, we affirm the trial court's ruling that it had the

---

[8] Legal challenges to the imposition of costs under MCL 769.1k must be preserved at the time the trial court assesses the costs. *People v Jackson*, 483 Mich 271, 292 n 18; 769 NW2d 630 (2009). Because defendant failed to object when the court imposed the costs, this Court reviews defendant's challenge for plain error. *People v Konopka (On Remand)*, 309 Mich App 345, 356; ___ NW2d ___ (2015). "Statutory interpretation presents a question of law that we review de novo." *Id*.

authority to impose court costs under MCL 769.1k(1)(b)(*iii*). Defendant's ex post facto arguments are unavailing under *Konopka*. However, consistent with *Konopka*, the amount of costs assessed "must be reasonably related to the court's actual costs involved in the particular case." *Konopka*, 309 Mich App at 376; see also MCL 769.1k(1)(b)(*iii*). As the court did not state a basis for the amount of costs, we remand for it to do so and to assess costs consistent with its findings.

We affirm defendant's convictions and the imposition of costs, but remand to the trial court for an examination of the factual basis for the $600 in court costs that was imposed. We do not retain jurisdiction.


/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher