# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIAM CALOGERO ADAMS, JR.,

        Defendant-Appellant.

UNPUBLISHED
April 24, 2018

No. 336504
Kalamazoo Circuit Court
LC No. 2016-000940-FH

Before: GLEICHER, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

A jury convicted defendant of felonious assault, MCL 750.82, and use of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, for pulling a gun on and threatening his sister's boyfriend. Defendant challenges the sufficiency of the evidence supporting his assault conviction, the jury's rejection of his self-defense theory, and counsel's failure to present his other sister as a corroborating witness. We discern no error and affirm.

## I. BACKGROUND

On July 10, 2016, Alisha Adams drove to the home of her mother to pick up her two children. The father of Alisha's youngest child, Cormariest Jones, was in the passenger seat. When they arrived, Jones waited outside in the parked vehicle. Alisha's siblings, defendant and Caterrina Adams, were inside. Alisha testified that as she collected her children, defendant passed her in the hallway and headed out of the home "in a rush."

Jones described that defendant stormed up to the car and started yelling at him. Defendant filmed this interaction and the video indeed depicts defendant confronting Jones. When the interaction began, Jones had an unlit cigarette in his mouth. He reached into the car's center console and, as clearly depicted in defendant's video, removed a blue lighter to light the cigarette. Defendant testified that he believed Jones was reaching for a gun. This fear was founded, defendant claimed, because the parties had a strained relationship. On Mother's Day, defendant had pulled a gun on Jones during an argument. A few days later, Jones arrived at defendant's place of employment with a group of friends, seeking to fight defendant.

As Jones attempted to light his cigarette, defendant withdrew a handgun. He turned his back on Jones's car and cocked the weapon before turning back to face the victim. Jones left the car and went to the vehicle's far side for shelter. Alisha and Caterrina ran out and attempted to

-1-

restrain defendant while he waved his gun in the air and shouted threats at Jones. Jones called 911 and the operator advised him to leave with Alisha and their children. When the police arrived, defendant told the officers that he heard someone screaming and came outside to investigate, bringing his gun because "he thought he had to" given his relationship with Jones.

## II. ASSISTANCE OF COUNSEL

Defendant first contends that defense counsel provided constitutionally deficient assistance because she failed to present the testimony of Caterrina to support his theory of self-defense. Defendant raised this issue below and the trial court conducted a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). At the hearing, Caterrina testified that she heard Jones yelling at defendant and then saw him reach under his seat. Caterrina then turned her back to walk toward defendant and did not see what Jones did next. However, Caterrina admitted that she had made inconsistent statements about whether she saw defendant holding a gun, describing that she "saw a gun, forgot [she] saws a gun, remembered [she] saw a gun."

Counsel described that she repeatedly tried to contact Caterrina, but she would not return the attorney's calls. Counsel listed Caterrina as a potential witness, but intended to call her to establish the factual basis for the self-defense theory only if defendant did not take the stand. Counsel was concerned about Caterrina's credibility based on her reaction to defendant's acts in defendant's self-recorded video, her changing story to the police, and her unwillingness to return counsel's calls. The trial court found that counsel acted reasonably and that Caterrina's testimony would have been cumulative in any event.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review the lower court's factual findings for clear error and legal conclusions de novo, deferring to that court's unique opportunity to judge the credibility of witnesses appearing before it. *Id*. We review for an abuse of discretion the lower court's denial of defendant's motion for a new trial. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003).

"[I]t has long been recognized that the right to counsel is the right to the effective assistance of counsel." *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984) (quotation marks and citation omitted). In *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), the United States Supreme Court held that a convicted defendant's ineffective assistance challenge includes two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." To establish the first component, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *People v Solomonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). With respect to the prejudice prong, the defendant must demonstrate a reasonable probability that but for counsel's errors the result of the proceedings would have differed. *Id*. at 663-664. The defendant must overcome the strong presumptions that his "counsel's conduct falls within the wide range of professional assistance," and that his counsel's actions represented "sound trial strategy." *Strickland*, 466 US at 689 (quotation marks and citation omitted).

"Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716. Failing to call a witness may only be deemed ineffective "if it deprives the defendant of a substantial defense." *Id*. (quotation marks and citation omitted). Defense counsel more than adequately presented the theory of self-defense at trial. Jones admitted that there was "friction" or "tension" between he and defendant that had led to violent interactions in the past. Defendant took the stand and explained that he had a concealed weapons license and brought his handgun outside because he feared Jones might act violently again. Defendant further described his belief that Jones was reaching for a gun, leading defendant to pull out and cock his own weapon. Caterrina would have added nothing to this testimony. Indeed, her testimony may have hindered the defense as she previously lied to the police and told them defendant did not possess a gun that day.

That the defense theory was unsuccessful does not render counsel's assistance ineffective. *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). Defendant's own video recording of his interaction with Jones likely destroyed his defense. The video showed that Jones clearly had an unlit cigarette in his mouth and that when Jones reached over, his hand came back into view holding a lighter. Only then did defendant turn his back on Jones (even though he claimed he was afraid Jones would shoot him), pull out his gun and cock it. Despite that defendant knew or should have known that Jones was holding only a lighter, defendant proceeded to stalk Jones around the car while yelling and waving his gun in the air. Given this record, Caterrina's absence at trial was not prejudicial and defendant was not entitled to a new trial.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant further contends that the prosecution presented insufficient evidence to support his felonious assault conviction. We review de novo a challenge to the sufficiency of the evidence, examining the "record evidence . . . in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009). "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). We "must draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Cameron*, 291 Mich App 599, 613; 806 NW2d 371 (2011) (quotation marks and citation omitted). We "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

To convict a defendant of felonious assault, the prosecution must establish "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Chambers*, 277 Mich App 1, 9; 742 NW2d 610 (2007), citing *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). The felonious assault statute, MCL 750.82, specifically includes "a gun, revolver, [or] pistol" as a per se dangerous weapon. MCL 750.82(1).

Defendant admitted at trial that he brandished a dangerous weapon, a handgun. Jones testified that when he saw defendant pull out his handgun and heard him cock it, he felt fear and

anger and fled to the far side of the car to protect himself. Moreover, because defendant continued to threaten Jones and wave his gun in the air after it was clear that Jones only reached for a cigarette lighter, the jury could infer that defendant intended to "place [Jones] in reasonable apprehension of an immediate battery." Viewing this evidence in the light most favorable to the prosecution, the jury's verdict was well supported.

However, in a somewhat awkwardly worded third appellate issue, defendant challenges the jury's rejection of his self-defense claim. To establish a claim of self-defense, a defendant must show that (1) he "has not or is not engaged in the commission of a crime at the time" he uses force, (2) he is somewhere he "has a legal right to be with no duty to retreat," and (3) he "honestly and reasonably believed that the use of . . . force is necessary" to defend himself from imminent death or imminent great bodily harm. MCL 780.972; *People v Conyer*, 281 Mich App 526, 529-530; 762 NW2d 198 (2008). The only element at issue here is whether defendant "honestly and reasonably believed" he needed to brandish a weapon and threaten Jones in order to prevent an act of violence on Jones's part.

The jury heard the conflicting testimony of the witnesses and apparently credited Jones and Alisha over defendant. As noted, defendant's self-recorded video corroborated Jones's and Alisha's claims that defendant overreacted and did not take "defensive" action until *after* it was clear that Jones only grabbed a cigarette lighter. We may not interfere with the jury's assessment of the witnesses' credibility and resolution of this credibility contest. See *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998); *Cameron*, 291 Mich App at 613; *Kanaan*, 278 Mich App at 619; . Accordingly, defendant has not established that he is entitled to relief.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Thomas C. Cameron