*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NATHAN LEON BRANHAM,

Defendant-Appellant.

UNPUBLISHED
July 7, 2022

No. 350452
Kalamazoo Circuit Court
LC No. 2018-001812-FC

## ON REMAND

Before: SWARTZLE, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendant was growing marijuana in his backyard and suspected that someone was stealing it, so he installed motion sensors near the plants. A week later, an individual attempted to steal defendant's marijuana in the middle of the night. Defendant confronted the individual, a fight ensued, and defendant killed the intruder. Following a jury trial, defendant was convicted of first-degree premediated murder, MCL 750.316, and manufacturing marijuana, MCL 333.74012.

Defendant appealed and argued, in relevant part, that his trial counsel was ineffective for failing to request a self-defense jury instruction that would have informed the jury that defendant could lawfully use self defense if he feared serious injury. The theme of trial counsel's closing argument was, in fact, the doctrine of self defense. The trial court instructed the jury on self defense, though the focus of the instructions was on whether defendant had an honest and reasonable belief that he was in danger of being killed, not seriously injured. (The trial court did mention, at one point, that defendant would have to possess "an honest and reasonable belief that the use of deadly force is necessary to prevent imminent death, great bodily harm, or sexual-assault of the person or another.") We affirmed defendant's convictions and concluded that the jury was properly instructed and, by extension, that his trial counsel was not ineffective for failing to challenge the jury instructions. *People v Branham*, unpublished per curiam opinion of the Court of Appeals, issued June 3, 2021 (Docket No. 350452) (*Branham I*), p 14-16, 19.

Defendant then appealed to the Supreme Court, which reversed in part and remanded in part, stating:

> [W]e REVERSE that part of the Court of Appeals opinion holding that a request for a self-defense instruction that included fear of serious injury would have been meritless or futile. This omitted instruction was supported by the evidence and the instructions actually provided did not sufficiently protect defendant's right to a properly instructed jury. Accordingly, had trial counsel requested this instruction, the trial court would have been required to provide it. See *People v Rajput*, 505 Mich 7, 10 (2020). We REMAND this case to the Court of Appeals for consideration of whether trial counsel's failure to request a self-defense jury instruction that included the fear of serious injury, see M Crim JI 7.15, was "representation [that] fell below an objective standard of reasonableness," see *Strickland v Washington*, 466 US 668, 688 (1984), that prejudiced him, see *id*. at 687, 694. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*People v Branham*, ___ Mich ___; 971 NW2d 212 (2022) (*Branham II*) (alteration in original).]

For the reasons that follow, we again affirm defendant's first-degree murder conviction.

Because the trial court did not hold a *Ginther*[1] hearing, "our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). "A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

Defendant's claim of ineffective assistance of counsel centers on the lack of a self-defense instruction regarding serious injury. Self-defense is an affirmative defense that, if established, will justify otherwise punishable criminal conduct. *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010). The use of deadly force is authorized if an individual honestly and reasonably believes that it is necessary to prevent the imminent death, great bodily harm, or sexual assault of himself or another. MCL 780.972(1); *People v Conyer*, 281 Mich App 526, 529-530; 762 NW2d 198 (2008). With that said, a jury's conclusion that a defendant killed with premeditation "necessarily entails a rejection" of self defense. *People v Bynum*, 496 Mich 610, 634; 852 NW2d 570 (2014). See also *People v Truong*, 218 Mich App 325, 337-338; 553 NW2d 692 (1996); *People v Daniels*,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

192 Mich App 658, 673; 482 NW2d 176 (1991); *State v Bell*, 280 Kan 358, 367; 121 P3d 972 (2005); *Commonwealth v Gibson*, 424 Mass 242, 248; 675 NE2d 776 (1997).

As we explained in *Branham I*, unpub op at 21, "Based on our review of the record, a rational fact-finder could have readily concluded that the prosecutor presented sufficient evidence of premeditation." We further concluded that the jury's verdict that defendant committed a "willful, deliberate, and premeditated killing" was supported by the great weight of the evidence. *Id*. at 21-22. See also MCL 750.316(1)(a). Those conclusions were affirmed by our Supreme Court in *Branham II*, and defendant's independent claims for relief on those grounds are not before this Court on remand.

By convicting defendant of first-degree murder, the jury concluded that defendant had an opportunity for a "second look" during the altercation, but that he nevertheless chose to kill the intruder. *Branham I*, unpub op at 21-22. This finding is fundamentally incompatible with a conclusion that defendant used deadly force because he feared serious injury. Given the jury's verdict and the ample evidence supporting that verdict, there is not a reasonable probability that the jury would have viewed defendant's conduct as lawful self defense if it was instructed that defendant's fear of serious injury could justify his use of deadly force.

If defendant had been convicted of a lesser offense that did not require premeditation, or if the evidence of premeditation had been more equivocal, then perhaps he could be entitled to relief. (The trial court did, in fact, instruct the jury on second-degree murder.) But that is not the case before us. The jury's conclusion that defendant acted with premeditation when he killed the intruder forecloses any reasonable likelihood that it also would have concluded that his use of deadly force was justified because he feared serious injury. Thus, a different result was not reasonably probable even if the jury had been properly instructed.

Affirmed.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Anica Letica